**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| THE ESTATE OF CARRINGTON BRANCH BY CHASADY WILCHER, PERSONAL REPRESENTATIVE, <br><br> Plaintiff, <br><br> v. <br><br> MARION COUNTY SHERIFF, DEPUTY ONE, DEPUTY TWO, DEPUTY THREE, DEPUTY FOUR, WELLPATH, LLC, PATRICIA CUMBEE, AMBER GERALDS, JULIA MAYS, JILL RENEE JOHNSON, MICHELLE MCCORKLE, TANGELA CRAWFORD BOYD, DEBRA SUNIER, JEANINE SMITH BURNS, TANDANCE MANTOOTH, NURSE ONE, NURSE TWO, NURSE THREE, WELLPATH MEDICAL DIRECTOR OF NURSING, <br><br> Defendants. | Case No. 1:24-cv-01104-SEB-MKK |

## <u>ANSWER</u>

Defendant, Marion County Sheriff, by counsel, for its answer to Plaintiff's complaint states:

### I. Nature of Case

1.     This lawsuit seeks money damages against the Marion County Sheriff, its correctional health care corporation Wellpath, LLC, and several of both entities' employees, for the unnecessary and wrongful in-custody death of thirty-one-year-old Carrington Branch ("Carrington").

ANSWER:     Defendant admits that Plaintiff brings this action but denies it is entitled to relief.

## II. Jurisdiction and Venue

2.      This action is brought pursuant to 42 U.S.C. §1983 and is premised on the Fourteenth Amendment to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. §1331.

ANSWER:      Defendant admits that Plaintiff brings this action but denies Plaintiff is entitled to relief as alleged in paragraph 2 of the Complaint.

3.      Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in Marion County, in which all defendants conduct activities, and which is located within the Southern District of Indiana.

ANSWER:      Defendant admits venue as alleged in paragraph 3 of the Complaint is proper but denies taking any improper action as alleged in the complaint.

4.      This Court has supplemental jurisdiction over plaintiff's state law claims against the defendants pursuant to 28 U.S.C. §1367.

ANSWER:      Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims as alleged in paragraph 4 of the Complaint.

## III. Parties

5.      Plaintiff, The Estate of Carrington Branch, is the duly constituted estate of the deceased Carrington Branch, administered by Chasady Wilcher, personal representative of the Estate of Carrington Branch.

ANSWER:      Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    Defendant Wellpath, LLC ("Wellpath") is a domestic corporation headquartered in Tennessee which operates as a for-profit foreign corporation in Indiana, and was, at the time of the events giving rise to plaintiff's claims, providing medical care to inmates in the Marion County Jail system.

ANSWER:    Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    Defendant Marion County Sheriff ("MCSO") is a political subdivision of the State of Indiana and was, at the time of the events giving rise to plaintiff's claims, responsible for the health and safety of inmates in the Marion County Jail system.

ANSWER:    Defendant admits that it has certain duties to provide for inmates as set for in Indiana law.  Defendant denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    Defendants, Patricia Cumbee, Amber Geralds, Julia Mays, Jill Renee Johnson, Michele McCorkle, Tangela T. Crawford Boyd, Debra Sunier, Tandance Mantooth, Jeanine Smith Burns, Nurse One, Nurse Two, and Nurse Three, ("Medical Defendants") are healthcare professionals employed by Wellpath, and all times relevant hereto, were responsible for the healthcare of inmates in the Marion County Jail system, including Carrington Branch.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant Deputy One, Deputy Two, Deputy Three, and Deputy Four, are employees of the Marion County Sheriff's Office, at all times relevant hereto, were responsible for the health and safety of Carrington Branch.

ANSWER:      Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      Wellpath Medical Director, Wellpath Director of Nursing, and Wellpath's Health Services Administrator ("HSA") who are responsible for the healthcare of inmates at the Marion County Jail, including Carrington Branch, and arranging all levels of healthcare and ensuring quality and accessible health services for inmates in the Marion County Jail system, including Carrington Branch.

ANSWER:      Defendant admits that these persons have certain duties under Indiana law and by virtue of a contract between MCSO and Wellpath as to inmate medical care. Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

### IV. Facts

11.      On December 22, 2022, at approximately 7:00 p.m.[1], thirty-one-year-old Carrington Branch ("Carrington") was detained and arrested by the Indianapolis Metropolitan Police Department ("IMPD") for an alleged Operating While Intoxicated offense.

ANSWER:      Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

---

[1] All times referenced in the Plaintiff's Complaint are approximate and are Eastern Standard Time.

12.    Carrington Branch was transported to Eskenazi hospital by an IMPD officer for a blood draw around 9:00 p.m.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.    That same day, the IMPD officer transported Carrington to the Marion County Sheriff's Adult Intake Center (aka "Intake") located at 675 Justice Way, Indianapolis, IN 46203.

ANSWER:    Defendant admits Branch was transported to the Sheriff's custody. Defendant is without information to form a reasonable belief as to the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.    Carrington was processed through Wellpath's receiving screening around 10:21 p.m. on December 22, 2022.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 14of Plaintiff's Complaint.

15.    Carrington was a type 2 diabetic.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    Diabetes is a serious medical illness.

ANSWER:    Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Wellpath and its employees, staff, and/or agents, including all Medical Defendants, had access to Carrington's Wellpath medical records and/or jail medical records that contained drug/substance, addiction, and withdrawal history.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Wellpath and its staff, employees, and/or agents, including all named Medical Defendants, had access to Carrington's Wellpath medical records and/or jail medical records that contained information about his diabetes diagnosis, history, and prescription medication.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Carrington was diabetic at the time of this receiving screening on December 22, 2022.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     At screening, Wellpath staff, employee, and/or agent, Defendant, Jill Renee Johnson ("Defendant Johnson") and/or Defendant Tangela Crawford Boyd ("Defendant Crawford Boyd") confirmed by history that Carrington was NIDDM (non-insulin dependent diabetes mellitus) but failed to verify his diabetic medication metformin at local pharmacy.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Wellpath and its staff, employees, and/or agents, including but not limited to Defendant Johnson and/or Defendant Crawford Boyd did not arrange for verification of his diabetes medication the following day, nor during the entire course of incarceration.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Carrington did not receive his non-jail prescribed medical prescriptions during his incarceration, including his diabetes medication.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     On December 22, 2022, and during the course of his incarceration, Wellpath and its staff, employees, and/or agents, including, but not limited to Defendant Johnson and/or Defendant Crawford Boyd and/or all Medical Defendants, knew Carrington had diabetes, however, never properly evaluated his diabetes and failed to provide proper care and treatment for his diabetes.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Throughout the course of his incarceration, Wellpath staff, employees, and/or agents, including, but not limited to all Medical Defendants, failed to complete a blood sugar finger stick on Carrington.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.    Type 2 diabetes is characterized by hyperglycemia.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.    Classic symptoms of hyperglycemia including polyuria, polydipsia, nocturia, blurred vision, and/or weight loss.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.    Inmates must have access to care to meet their serious health needs.

ANSWER:    Defendant admits the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.    Carrington had a serious health needs during the course of his incarceration.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.    While incarcerated, Carrington did not have access to the care he needed to evaluate and treat his diabetes.

ANSWER:    Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.    During the course of his incarceration, Defendants deprived access to medical care and treatment for his diabetes.

ANSWER:    Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.    After screening, Carrington was transferred to general population at the Marion County Detention Center at 675 Justice Way, Indianapolis, IN 46203.

ANSWER:    Defendant is currently without information to form a reasonable belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.    On December 23, 2022, Carrington told Defendant Crawford Boyd, that he was detoxing off of Xanax and needed medical help.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.    Carrington told Defendant Crawford-Boyd that he normally takes 2mg bars of Xanax three to four times daily.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    On December 23, 2022, Carrington was experiencing symptoms associated with his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     On December 23, 2022, Carrington was experiencing drug withdrawal symptoms.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     In the presence of Defendant Crawford Boyd, Carrington was visibly lethargic, gray in color, shaky, and diaphoretic.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Carrington's blood pressure was elevated along with his pulse.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Carrington also experienced other symptoms, including nausea, vomiting, cold sweats, and diarrhea.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Xanax is a benzodiazepine.

ANSWER:     Defendant admits the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Benzodiazepine withdrawal symptoms can also include, but are not limited to, anxiety, headaches, delirium, tremors, heart palpitations, sweating, muscle twitching, convulsions, seizures, psychosis, paranoia, mood swings, and/or mania.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Benzodiazepine detox and withdrawal is a serious and potentially life-threatening condition.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Symptoms associated with benzodiazepine detox and withdrawal, such as seizures, can be fatal.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Seizures can cause loss of consciousness and muscle contractions.

ANSWER:     Defendant admits the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Seizures are a serious medical condition which can result in death.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. People experiencing drug withdrawal, including benzodiazepine detox and withdrawal, need access to care, and appropriate medical monitoring, treatment, and care.

ANSWER: Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Drug/substance detox and withdrawal, including withdrawal from benzodiazepine, can cause serious health issues, including death.

ANSWER: Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Access to care and proper medical monitoring, care, and treatment are necessary when individuals are detoxing and withdrawing from drugs, including benzodiazepine drugs.

ANSWER: Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Protocols should and/or must exist for managing inmates under the influence of or undergoing withdrawal from alcohol, sedatives, opioids, and/or other substances.

ANSWER: Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Protocols for intoxication and withdrawal should and/or must be approved by the responsible physician annually and be consistent with nationally accepted treatment guidelines.

ANSWER: Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Individuals going through and showing signs of intoxication and withdrawal should and/or must be monitored by a qualified healthcare professional using approved protocols as clinically indicated until symptoms are resolved.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Individuals being monitored for drug withdrawal must be housed in a safe location that allows for effective monitoring.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Written policy and defined procedures should and/or must exist for all aspects of medically supervised withdrawal and treatment.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Medically supervised withdrawal should and/or must be done under provider supervision.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Immediate and appropriate medical care can save someone experiencing fatal or potentially fatal drug withdrawal symptoms, including benzodiazepine drugs.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.    Earlier care and treatment for those experiencing life-threatening drug withdrawal symptoms increases the chances of survival.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.    Inmates experiencing severe withdrawal should and/or must be transferred immediately to a licensed acute care facility.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.    Medically supervised withdrawal is best managed by a physician or other medical professional with appropriate training and experience.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.    Severe withdrawal symptoms must never be managed outside of a hospital.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.    Deaths from acute intoxication or severe withdrawal have occurred in correctional facilities.

ANSWER:    Defendant admits the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.    In deciding the level of symptoms that can be managed safely at the jail facility, the responsible physician must take into account the level of medical supervision that is available at all times.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.    Clinic management should include the use of validated withdrawal assessment instruments.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.    Facility health staff should ensure that patients with alcohol or other drug problems receive evidence-based care during confinement.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.    Defendant Crawford-Boyd communicated to and notified Wellpath employee, Defendant, Patricia Cumbee, Nurse Practitioner, ("Defendant Cumbee") that Carrington was detoxing or withdrawing from Xanax.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.     Defendant Cumbee submitted a treatment order for a Clinical Institute Withdrawal Assessment ("CIWA") and detox for five days for Carrington.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     A Medical Doctor, physician, and/or a Doctor of Osteopathic Medicine (DO) was not directly involved with Carrington's care and treatment during his incarceration.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.     Defendant Cumbee was the only medical provider (physician, nurse practitioner, or physician assistant) directly associated with Carrington's care.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendant Cumbee never physically assessed or evaluated Carrington herself.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendant Cumbee's five-day detox order ended on or about December 29, 2022.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     The CIWA five-day detox treatment orders initiated by Defendant Cumbee included a medication order for diazepam, meclizine, folate, and thiamine medication.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     CIWA is for alcohol withdrawal, not drug withdrawal, such as benzodiazepine withdrawal.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Complaint.

71.     Diazepam is not adequate or appropriate medication for benzodiazepine withdrawal.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.     On December 24, 2022, Carrington was still experiencing symptoms associated with his diabetes.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.     On December 24, 2022, Carrington was still experiencing withdrawal symptoms.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     On December 24, 2022, Carrington had an elevated pulse, headache, tremors, and nausea.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     On December 25, 2022, Carrington was still experiencing symptoms of his diabetes.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     On December 25, 2022, Carrington was still experiencing withdrawal symptoms

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.     On December 25, 2022, Carrington had persistent nausea and experienced a seizure or seizure activity.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     On December 25, 2022, MCSO jail staff, employees, and/or agents notified Wellpath staff, employees, and/or agents that Carrington suffered a seizure or experienced seizure activity.

ANSWER:     Defendant admits that employees notified Wellpath of Branch's condition. Defendants deny all remaining allegations contained in paragraph 78 of Plaintiff's Complaint.

79.    This was Carrington's first reported seizure/seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.    On December 25, 2022, Carrington was brought to a special care unit or medical area of the jail ("SCU") for the seizure or seizure activity he experienced.

ANSWER:    Defendant admits that Branch was in the SCU for a period of time during his incarceration. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 80 of Plaintiff's Complaint.

81.    Carrington was in a postictal state when brought into the SCU due to the seizure.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.    Carrington was suffering severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.    While Carrington was at the SCU, Wellpath staff, Defendant Debra Sunier, RN, ("Defendant Sunier") documented that Carrington was on CIWA.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.    Defendant Sunier was aware of and documented Carrington's seizure/seizure activity and his postictal state.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.    Defendant Sunier did not provide or ensure that Carrington received appropriate medical care for his conditions.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.    Defendant Sunier did not obtain a blood sugar determination from Carrington.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.    Defendant Sunier should have contacted a higher-level provider and/or transferred Carrington hospital or other acute care facility for appropriate medical care and treatment, but Defendant Sunier failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.    On December 26, 2022, Carrington was experiencing symptoms of his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.     On December 26, 2022, Carrington was going through drug withdrawal and experienced severe withdrawal symptoms.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     On December 26, 2022, Wellpath staff Jeanie Smith Burns, RN, ("Defendant Smith Burns") transferred Carrington out of the SCU and returned to non-medical cell blocks.

ANSWER:     Defendant admis that Branch was in the SCU for a period of time during his incarceration.

91.     Defendant Smith Burns did not obtain a blood sugar determination from Carrington.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     Defendant Smith Burns did not evaluate or treat Carrington's diabetes.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     Defendant Smith Burns did not properly assess or treat Carrington's serious withdrawal symptoms.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 93 of Plaintiff's Complaint.

94.     On December 26, 2022, Wellpath and its staff, employees, and/or agents including Defendant Smith Burns, failed to provide Carrington the appropriate care, treatment, and monitoring needed for his medical conditions, including his diabetes and/or serious withdrawal symptoms.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.     Defendant Smith Burns should have contacted a higher-level provider and/or transferred Carrington to an acute care facility for treatment, but she failed to do so.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 95 of Plaintiff's Complaint.

96.     On December 27, 2022, Carrington was experiencing symptoms of his diabetes.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.     On December 27, 2022, Carrington was going through drug withdrawal and experienced severe withdrawal symptoms.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 97 of Plaintiff's Complaint.

98.     On December 27, 2022, Wellpath and its staff, employees, and/or agents, failed to provide Carrington the appropriate care, treatment, and monitoring needed for his medical conditions.

ANSWER:    Defendant denies the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.    On December 28, 2022, Carrington was experiencing symptoms of his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    On December 28, 2022, Carrington was going through drug withdrawal and experienced severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 100 of Plaintiff's Complaint.

101.    On December 28, 2022, Wellpath and its staff, failed to provide Carrington the appropriate care, treatment and monitoring needed for his medical conditions.

ANSWER:    Defendant denies the allegations contained in paragraph 101 of Plaintiff's Complaint.

102.    On December 29, 2022, Carrington was experiencing symptoms of his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 102 of Plaintiff's Complaint.

103.    On December 29, 2022, Carrington was going through withdrawal and experienced severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 103 of Plaintiff's Complaint.

104.    On December 29, 2022, Carrington experienced another seizure and/or seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 104 of Plaintiff's Complaint.

105.    This was Carrington's second reported seizure/seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 105 of Plaintiff's Complaint.

106.    Due to the seizure or seizure activity, MCSO jail staff called for Wellpath staff/employees to assess Carrington's medical conditions and provide appropriate medical care.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 106 of Plaintiff's Complaint.

107.    Wellpath staff, Tandance Mantooth, Licensed Practical Nurse (LPN), ("Defendant Mantooth") responded and encountered Carrington who had just experienced a seizure or seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 107 of Plaintiff's Complaint.

108.    Despite the seizure/seizure activity, ongoing severe withdrawal symptoms, and/or diabetes symptoms, Defendant Mantooth should have called a registered nurse or higher-level provider to assess Carrington, however, she failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 108 of Plaintiff's Complaint.

109.    Instead of providing or ensuring that Carrington received proper medical care and treatment, Defendant Mantooth told Carrington to drink plenty of water.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 109 of Plaintiff's Complaint.

110.    Defendant Mantooth acted outside of her LPN scope of practice in the State of Indiana.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 110 of Plaintiff's Complaint.

111.    Defendant Mantooth failed to provide or ensure that Carrington received proper care for his serious medical needs and left Carrington in his cell in a non-medical area of the jail.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.    Carrington had an urgent need for proper and immediate medical care due to the serious nature of his conditions, his diabetes and/or his serious drug withdrawal.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 112 of Plaintiff's Complaint.

113.     Defendant Mantooth should have sent Carringotn to a hospital or acute care facility for his serious medical needs, however, Defendant Mantooth, failed to do so.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.     Despite ongoing withdrawal symptoms, including seizures, Wellpath and its staff, employees, and/or agents, including Defendant Cumbee, did not conduct a CIWA or similar assessment of Carrington after December 29, 2022.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.     A proper and appropriate medical assessment should have been completed after the initial CIWA five-day order by Defendant Cumbee.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 115 of Plaintiff's Complaint.

116.     After the five-day CIWA orders expired, Carrington was not on a detox/withdrawal monitoring protocol.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 116 of Plaintiff's Complaint.

117.    Carrington should have been on a detox/withdrawal monitoring protocol.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 117 of Plaintiff's Complaint.

118.    On December 30, 2022, Carrington was experiencing symptoms of his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.    On December 30, 2022, Carrington was going through drug withdrawal and experienced severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.    On and after December 30, 2022, Carrington was no longer receiving medication ordered by Defendant Cumbee and associated with the initial CIWA five-day order, nor was he being appropriately monitored for his drug withdrawal.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.    On December 30, 2022, Carrington did not receive proper medical care, treatment, or monitoring for his diabetes and serious withdrawal symptoms, nor was he sent to a hospital or acute care facility for proper care and treatment.

ANSWER:    Defendant denies the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.    On December 31, 2022, Carrington was experiencing symptoms of his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 122 of Plaintiff's Complaint.

123.    On December 31, 2022, Carrington was going through drug withdrawal and experienced severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 123 of Plaintiff's Complaint.

124.    By December 31, 2022, Carrington's physical and mental condition had deteriorated, consistent with drug withdrawal, including a benzodiazepine withdrawal.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 124 of Plaintiff's Complaint.

125.    By December 31, 2022, Carrington's physical and mental condition had deteriorated, consistent with lack of proper diabetes care.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.    On or about December 31, 2022, MCSO custody/jail staff reported to Wellpath staff/employees that Carrington was suffering a medical emergency and Carrington was transported to the SCU by Wellpath staff, employees, and/or agents.

ANSWER:    Defendant admits that employees made reports to Wellpath regarding Branch's condition. Defendant denies Plaintiff's characterization of those reports, and is without sufficient information to form a reasonable belief as to the remaining allegations contained in paragraph 126 of Plaintiff's Complaint.

127.    The medical emergency Carrington experienced was another seizure and/or seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 127 of Plaintiff's Complaint.

128.    This was Carrington's third reported seizure or seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 128 of Plaintiff's Complaint.

129.    On December 31, 2022, Wellpath staff, Defendant Amber Geralds, RN, ("Defendant Geralds") documented and was aware of Carrington's high blood pressure, seizure activity, and that he was not oriented to time or situation.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.    Despite the serious nature of his medical conditions, including severe withdrawal symptoms and seizures, Carrington did not receive proper medical care, treatment, or monitoring from Defendant Geralds.

ANSWER:    Defendant denies the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.    Defendant Geralds did not evaluate or treat Carrington's diabetes symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 131 of Plaintiff's Complaint.

132.    Defendant Geralds did not perform a blood sugar stick test on Carrington.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 132 of Plaintiff's Complaint.

133.    Defendant Geralds should have contacted a higher-level care provider, but failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 133 of Plaintiff's Complaint.

134.    Defendant Geralds should have sent Carrington to a hospital or acute care facility but failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.    On December 31, Wellpath staff/employee, Defendant Julia Mays, MHP, ("Defendant Mays") encountered Carrington in the infirmary in a dire and extremely poor state, both physically and mentally.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 135 of Plaintiff's Complaint.

136.    Defendant Mays documented that Carrington's mood was labile and euphoric, had ruminated thoughts and statements, appeared disheveled and bizarre, and he had urinated on floor and there was diarrhea on his mattress.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 136 of Plaintiff's Complaint.

137.    Carrington had another seizure or seizure activity prior to Defendant Mays encountering Carrington.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 137 of Plaintiff's Complaint.

138.    Carrington told Defendant Mays that he had been doing Xanax on the street for two years.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 138 of Plaintiff's Complaint.

139.    At the time Defendant Mays encountered Carrington, he was experiencing severe withdrawal symptoms, including recent seizures or seizure activity, and/or diabetes symptoms, and Carrington needed urgent medical care and treatment for his serious medical conditions.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 139 of Plaintiff's Complaint.

140.     Defendant Mays should have contacted the psychiatrist or a higher-level treatment provider, but failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 140 of Plaintiff's Complaint.

141.     Defendant Mays should have immediately contacted a Medical Provider who could properly medically assess and treat Carrington.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 141 of Plaintiff's Complaint.

142.     Defendant Mays should have ensured Carrington received appropriate care treatment and care that he needed for his conditions, but she failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 142 of Plaintiff's Complaint.

143.     Defendant Mays should have sent Carrington to a hospital or acute care facility, but she failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 143 of Plaintiff's Complaint.

144.     On January 1, 2023, Carrington experienced symptoms associated with his diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 144 of Plaintiff's Complaint.

145.    On January 1, 2023, Carrington experienced severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 145 of Plaintiff's Complaint.

146.    Carrington's physical and mental state continued to decline, and his condition was serious and dire, necessitating immediate transfer to a hospital or acute care facility for emergency medical care and treatment.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 146 of Plaintiff's Complaint.

147.    On January 1, 2023, Defendant Geralds encountered Carrington in the SCU where he was suffering from serious and severe withdrawal symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 147 of Plaintiff's Complaint.

148.    Carrington was also suffering from his untreated diabetes symptoms.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 148 of Plaintiff's Complaint.

149.    Despite the severity of Carrington's condition and having access to all of the prior progress notes and Wellpath medical history records, Defendant Geralds indifferently, incorrectly, and recklessly claimed that Carrington was pretending to be incoherent and having behavioral issues.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 149 of Plaintiff's Complaint.

150.    Despite needing immediate lifesaving medical care, Defendant Geralds did not provide Carrington with adequate medical care for his conditions.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 150 of Plaintiff's Complaint.

151.    Defendant Geralds failed to consult a higher-level provider, a nurse practitioner, physician assistant, or physician.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 151 of Plaintiff's Complaint.

152.    Despite needing immediate life-saving care for his conditions, Defendant Geralds failed to transfer Carrington to an acute care facility for immediate care and treatment.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 152 of Plaintiff's Complaint.

153.    On January 1, 2023, Wellpath staff, Michele McCorkle, MHP, ("Defendant McCorkle), completed a suicide watch initial assessment for mental health with Carrington in the infirmary/SCU.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 153 of Plaintiff's Complaint.

154.    At this time, Carrington's condition was serious and dire and he desperately needed immediate and appropriate medical care.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 154 of Plaintiff's Complaint.

155.    Defendant McCorkle had access to all of the prior progress notes and Carrington's Wellpath medical history record which contained his diabetes, drug, and withdrawal history.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 155 of Plaintiff's Complaint.

156.    Despite the severity of his condition, Defendant McCorkle failed to contact her psychiatrist or a higher-level provider for consult and/or assessment regarding Carrington's condition, however, she should have done so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 156 of Plaintiff's Complaint.

157.    Defendant McCorkle should have transferred Carrington to an acute care facility for immediate care and treatment, but she failed to do so.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 157 of Plaintiff's Complaint.

158.    Despite having access to all of the prior progress notes and Carrington's Wellpath medical history record, Defendant McCorkle assessed that detoxification protocol was not indicated.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 158 of Plaintiff's Complaint.

159.     Defendant McCorkle operated outside of the scope of her practice.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 159 of Plaintiff's Complaint.

160.     Despite having access to all of the prior progress notes and Wellpath medical history record and personally observing Carrington's poor physical and mental state, Defendant McCorkle, Defendant McCorkle indifferently, incorrectly, and recklessly claimed that Carrington's condition was behavioral.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 160 of Plaintiff's Complaint.

161.     Instead of ensuring Carrington received emergency and necessary medical care, Defendant McCorkle, and/or Defendant Geralds, and/or other Wellpath staff, employees, and/or agents, and/or MCSO jail staff, employees, and/or agents decided to place Carrington in segregation, a non-medical isolation cell, without appropriate medical monitoring or treatment.

ANSWER:     Defendant denies the allegations contained in paragraph 161 of the Plaintiff's Complaint.

162.     This decision to isolate Carrington in a single cell followed the policy and practice of the Marion County Sheriff and/or Wellpath to remove inmates undergoing drug overdoses or

36

withdrawal from the facility's general population and other areas of the jail, place them into single cells, and not provide them adequate medical assessment, monitoring, or treatment.

ANSWER:    Defendant denies the allegations contained in paragraph 162 of Plaintiff's Complaint.

163.    MCSO jail staff, employees, and/or agents responded to the SCU/infirmary and escorted Carrington out of the SCU/infirmary.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 163 of Plaintiff's Complaint.

164.    As jail staff escorted Carrington to an isolation cell, Carrington's condition continued to deteriorate.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 164 of Plaintiff's Complaint.

165.    While being escorted to the solitary cell, Carrington, who was back handcuffed, had difficulty ambulating, his balance was uneven, and he was unsteady on his feet causing him to fall face first to the floor.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 165 of Plaintiff's Complaint.

166.    Carrington is in obvious and urgent need of immediate emergency medical attention.

ANSWER:    Defendant denies the allegations contained in paragraph 166 of Plaintiff's Complaint.

167.    Rather than sending Carrington to a hospital or facility to receive emergency medical care or calling for medical staff to assess Carrington after the fall, MCSO staff, employees, and/or agents picked Carrington up by the arms and continued to escort him to a solitary cell.

ANSWER:    Defendant admits that Branch was placed in a cell. Defendant denies the remaining allegations contained in paragraph 167 of Plaintiff's complaint.

168.    Carrington was taken to and placed in mental health cell sixteen, a solitary isolation cell, by MCSO staff, employees, and/or agents at or around 1:49:49 p.m. on January 1, 2023.

ANSWER:    Defendant admits Branch was placed in a cell. Defendant is without sufficient information to form a reasonable belief as to the remaining allegations contained in paragraph 168 of Plaintiff's complaint.

169.    The solitary isolation cell that Carrington was placed in was small with walls, no bars, a bed, a toilet, and a locked door with a window.

ANSWER:    Defendant admits Branch was placed in a cell. Defendant is without sufficient information to form a reasonable belief as to the remaining allegations contained in paragraph 169 of Plaintiff's complaint.

170.    Just outside of Carrington's single solitary cell was common area ("dayroom") and other solitary cells.

ANSWER:    Defendant admits Branch was placed in a cell. Defendant is without sufficient information to form a reasonable belief as to the remaining allegations contained in paragraph 170 of Plaintiff's complaint.

171.    The single isolation cell where Carrington was placed is without sufficient or appropriate medical monitoring, particularly for the severity of his medical conditions.

ANSWER:    Defendant denies the allegations contained in paragraph 171 of Plaintiff's complaint.

172.    At 1:50:17 p.m., MCSO Sheriff deputies take handcuffs off of Carrington and suddenly, unnecessarily, and forcibly shove Carrington face first to the cell wall.

ANSWER:    Defendant denies the allegations contained in paragraph 172 of Plaintiff's complaint.

173.    MCSO staff, employees, and/or agents, forcibly take all clothes off of Carrington leaving him completely naked.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 173 of Plaintiff's Complaint.

174.    At 1:52:48 p.m. MCSO staff, employees, and/or agents exit the single solitary cell, locking the cell behind them, and leave Carrington naked and alone in single isolation cell.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 174 of Plaintiff's Complaint.

175.    Carrington was placed on suicide watch, but received no meaningful, effective, or proper monitoring or checks on his condition or wellbeing.

ANSWER:    Defendant denies the allegations contained in paragraph 175 of Plaintiff's Complaint.

176.    After being locked in the solitary isolation cell, Carrington laid face down on the cell bed.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 176 of Plaintiff's Complaint.

177.    Carrington is unable to control himself and he falls off the cell bed and lands on the floor of the cell.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 177 of Plaintiff's Complaint.

178.    While in the solitary isolation cell, Carrington is in visible and obvious distress and he experiences seizures.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 178 of Plaintiff's Complaint.

179.    At approximately 3:03 p.m., Carrington Branch's condition continues to deteriorate to the point he defecates on the floor.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 179 of Plaintiff's Complaint.

180.    Carrington was laying on the cell floor naked and visibly covered in his own feces.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 180 of Plaintiff's Complaint.


181.    Feces is clearly visible on both the floor and on Carrington's naked body.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 181 of Plaintiff's Complaint.


182.    It was readily apparent and obvious, even to a non-medical professional, that Carrington was experiencing seizures.

ANSWER:    Defendant denies the allegations contained in paragraph 182 of Plaintiff's Complaint.


183.    It was readily apparent and obvious, even to a non-medical professional, that Carrington had a serious medical illness that required immediate medical care and treatment.

ANSWER:    Defendant denies the allegations contained in paragraph 183 of Plaintiff's Complaint.


184.    At 3:08:15 p.m. Deputy One walks up to Carrington's cell door and looks in the window of the door.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 184 of Plaintiff's Complaint.

185.    Deputy One is a female MCSO deputy with brown hair in a ponytail, glasses, wearing a dark MCSO uniform shirt, and a tattoo on her right arm. The following are two photographs of her:

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 185 of Plaintiff's Complaint.

186.    At 3:08:30 Deputy Two walks up to Carrington's cell door, joining Deputy One.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 186 of Plaintiff's Complaint.

187.    Deputy Two is an African-American female with dark hair and a dark MCSO uniform shirt. The following is a photograph of her:

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 187 of Plaintiff's Complaint.

188.    At 3:08:37 p.m., both Deputy One and Deputy Two look into Carrington's cell window.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 188 of Plaintiff's Complaint.

189.    When Deputy One and Deputy Two look into Carrington's cell, Carrington was on the floor in obvious visible distress and feces is visible on both Carrington and the floor.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 189 of Plaintiff's Complaint.

190.    It was obvious and readily apparent to even non-medical personnel that Carrington needed urgent medical care.

ANSWER:    Defendant denies the allegations contained in paragraph 190 of Plaintiff's Complaint.

191.    Deputy One and Deputy Two do not open the cell door to help Carrington or investigate further.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 191 of Plaintiff's Complaint.

192.    Deputy One and Deputy Two do not call or request medical staff to assess, evaluate, or treat Carrington.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 192 of Plaintiff's Complaint.

193.    Instead, at 3:09:45 p.m. Deputy One and Deputy Two leave the dayroom without providing or getting any help for Carrington.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 193 of Plaintiff's Complaint.

194.    There were no clock rounds for over three hours after Deputy One and Deputy Two leave the dayroom at 3:09:45 p.m.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 194 of Plaintiff's Complaint.


195.    At 6:40 p.m., two Wellpath staff/nurses, Nurse One and Nurse Two enter the dayroom, walk up to Carrington's cell, and look into the window of Carrington's cell.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 195 of Plaintiff's Complaint.


196.    Nurse One is an African-American nurse with dark brown hair wearing all black and wearing a black mask on her mouth. The following is a photograph of her:

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 196 of Plaintiff's Complaint.


197.    Nurse Two is white/Caucasian with glasses, brown hair in a ponytail, and wearing a blue jacket. The following two photographs are of her:

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 197 of Plaintiff's Complaint.


198.    Nurse One and Nurse Two look into Carrington's cell through the window of Carrington's cell door around 6:40 p.m..

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 198 of Plaintiff's Complaint.

199.    While Nurse One and Nurse Two look into the cell window, Carrington is laying face forward on the floor in obvious and visible distress, experiencing seizures or seizure-like activity, while naked and laying in and visibly covered in feces.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 199 of Plaintiff's Complaint.

200.    At this time, Carrington's condition is serious and dire and he needs immediate emergency medical care and first aid.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 200 of Plaintiff's Complaint.

201.    Despite the obvious seriousness and emergent nature of the situation, Nurse One and Nurse Two do not open the cell door and do not enter the cell to investigate further.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 201 of Plaintiff's Complaint.

202.    Nurse One and Nurse Two do not properly assess or evaluate Carrington's condition and do not come into contact with him physically.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 202 of Plaintiff's Complaint.

203.    Nurse One and Nurse Two do not take Carrington's vitals.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 203 of Plaintiff's Complaint.

204.     Nurse One and Nurse Two do not provide Carrington with any first aid, medical care or treatment.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 204 of Plaintiff's Complaint.

205.     Nurse One and Nurse Two fail to contact a high-level provider, such as a physician or medical doctor.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 205 of Plaintiff's Complaint.

206.     Nurse One and Nurse Two fail to send Carrington to an acute care facility or hospital for immediate medical treatment and life-saving care and treatment.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 206 of Plaintiff's Complaint.

207.     Nurse Two recklessly and indifferently leaves Carrington's cell door at 6:42:33, p.m. without doing anything to help Carrington, and she exits the dayroom.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 207 of Plaintiff's Complaint.

208.     Nurse One stays at Carrington's door and looks into Carrington's cell though the window while Carrington's condition is the same and unchanged; he is still in obvious distress on the floor in the single cell and in obvious need for medical care and treatment.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 208 of Plaintiff's Complaint.

209.    Nurse One still does not open the cell door to evaluate Carrington nor provide a medical assessment, nor does she take Carrington's vitals.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 209 of Plaintiff's Complaint.

210.    Nurse One still does not provide Carrington with any medical care or treatment.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 210 of Plaintiff's Complaint.

211.    Nurse One indifferently and recklessly leaves Carrington's cell door and exits the dayroom at 6:46:27 p.m. without providing any help or life-saving medical care.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 211 of Plaintiff's Complaint.

212.    At 9:58 p.m. Deputy One looks into Carrington's cell from the window of the cell door while Carrington is laying on the floor face forward and visibly covered in feces, in obvious and visible distress and experiencing seizures or seizure-like activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 212 of Plaintiff's Complaint.

213.    Despite needing emergent medical care that is obvious to even a non-medical professional, Deputy One leaves Carrington's cell door at 9:59 p.m. without opening the cell door, without entering Carrington's cell to assess or provide medical care, without contacting a medical staff, or sending to an acute care facility for immediate care and treatment.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 213 of Plaintiff's Complaint.


214.    By this point, Carrington's condition is so poor and dire that he is too weak to get himself off the floor and control his body.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 214 of Plaintiff's Complaint.


215.    Carrington continues to lay on the floor, laying in and covered in his feces, in obvious visible distress, experiencing seizures or seizure-like activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 215 of Plaintiff's Complaint.


216.    At approximately 9:58:59 Deputy One goes up to Carrington's cell.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 216 of Plaintiff's Complaint.


217.    While Deputy One looks in the window Carrington is face forward on the floor in obvious visible distress that would be apparent to even a non-medical professional.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 217 of Plaintiff's Complaint.

218.    At 9:59:09 Deputy One indifferently and recklessly leaves Carrington's cell and exits the dayroom without opening the cell door to investigate and assess further or to provide emergency medical care.

ANSWER:    Defendant denies the allegations contained in paragraph 218 of Plaintiff's Complaint.

219.    Deputy One also leaves the dayroom without calling for medical to assess and help Carrington or sending Carrington to an acute care facility.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 219 of Plaintiff's Complaint.

220.    At 11:40 p.m., Deputy Three and Nurse Three enter the dayroom.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 220 of Plaintiff's Complaint.

221.    Deputy Three is a heavy-set white male with short, buzz cut hair, wearing a dark MCSO uniform shirt. The following is a photo of him:

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 221 of Plaintiff's Complaint.

222.    Nurse Three is a white/Caucasian woman with dark blonde hair in a ponytail and bangs, wearing glasses and a pink shirt. The following are photographs of her:

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 222 of Plaintiff's Complaint.

223.    Nurse Three has a medical cart with a computer, and access to inmate records, including Carrington's medical records.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 223 of Plaintiff's Complaint.

224.    At 11:57:26 p.m., Deputy Three walks up to Carrington's cell.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 224 of Plaintiff's Complaint.

225.    When Deputy Three looks in the cell window, Carrington is on the ground experiencing seizures and is covered is feces in obvious need of immediate medical care that would be apparent to a non-medical professional.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 225 of Plaintiff's Complaint.

226.    At this time, Nurse Three present and behind Deputy Three.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 226 of Plaintiff's Complaint.

227.     Deputy Three looks into Carrington's cell through a small hole in the door directly under the cell window while Carrington is in the same condition.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 227 of Plaintiff's Complaint.


228.     Despite observing Carrington in distress and in obvious need of immediate medical attention, Deputy Three fails to have present medical staff assess Carrington or provide Carrington with emergency medical care.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 228 of Plaintiff's Complaint.


229.     Nurse Three had a computer on cart, providing her with full access to Carrington's jail medical history and records with his diabetes, drug, and withdrawal history.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 229 of Plaintiff's Complaint.


230.     Nurse Three does not check on Carrington, does not look through the cell window, does not provide a medical assessment or any monitoring, nor does she provide any emergency care or treatment to Carrington.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 230 of Plaintiff's Complaint.


231.     Deputy Three leaves Carrington's cell without opening the cell door, providing any medical care or treatment, or ensuring that Carrington received necessary life-saving care.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 231 of Plaintiff's Complaint.

232.    At 11:57:53 both Nurse Three and Deputy Three recklessly and indifferently leave the common area without properly assessing or evaluating Carrington, without providing any medical care or first aid, and without getting him the life-saving medical help he obviously and desperately needed.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 232 of Plaintiff's Complaint.

233.    From 11:40 p.m. through 11:57:53 when Nurse three was in the dayroom is the last known time jail staff and medical personnel is present in the dayroom and had the opportunity to save Carrington's life.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 233 of Plaintiff's Complaint.

234.    After Deputy Three and Nurse Three leave the dayroom, no one enters the dayroom for over four hours and no clock rounds or medical checks are made during that time.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 234 of Plaintiff's Complaint.

235.    Carrington continues to suffer seizures and was in visible distress and obvious need for medical care until movements gradually decrease until he makes his final movements at or around 2:02 a.m. on January 2, 2023.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 235 of Plaintiff's Complaint.

236.     At 4:21 a.m. on January 2, 2023, Deputy Four, an African American Male wearing a dark MCSO uniform shirt approaches Carrington's cell. Deputy Four is in the following photograph below:

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 236 of Plaintiff's Complaint.

237.     Deputy Four looks into Carrington's cell door at 4:21:16 a.m. and taps on the window to get Carrington's attention, but Carrington is unresponsive.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 237 of Plaintiff's Complaint.

238.     Deputy Four opens Carrington's cell door at 4:21:46 a.m. while Carrington is motionless, laying face down naked and covered in feces.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 238 of Plaintiff's Complaint.

239.     When Deputy Four opens Carrington's cell door on January 2, 2023, at 4:21 a.m., it was the first time anyone had opened the door to Carrington's cell since Carrington was initially placed and left in the cell the day prior.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 239 of Plaintiff's Complaint.

240.     After being placed in the single solitary cell on January 1, 2023, Carrington was left alone in the cell, without anyone opening the cell door, going into the cell, or providing any proper medical assessment, care or treatment for approximately 14 hours and 29 minutes.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 240 of Plaintiff's Complaint.


241.     Carrington had no food or water the entire time he was in the isolation cell.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 241 of Plaintiff's Complaint.


242.     Carrington had not have access to food or water the entire time he was in the isolation cell.

ANSWER:     Defendant denies the allegations contained in paragraph 242 of Plaintiff's Complaint.


243.     Carrington had no access to medical care the entire time he was in the isolation cell.

ANSWER:     Defendant denies the allegations contained in paragraph 243 of Plaintiff's Complaint.


244.     Carrington had no way to call or request medical care while in the isolation cell.

ANSWER:     Defendant denies the allegations contained in paragraph 244 of Plaintiff's Complaint.

245.     At 4:21:53 a.m., Deputy Four then shuts Carrington's cell door and leaves the cell without providing any first aid or emergency medical care or treatment despite it being obvious that Carrington needed emergency medical care.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 245 of Plaintiff's Complaint.

246.     At 4:23:42 a.m., Deputy Five arrives at Carrington's cell door.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 246 of Plaintiff's Complaint.

247.     Deputy Five is a stocky white male, blad(ing), with a dark colored MCSO uniform shirt. The following is a photograph of him:

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 247 of Plaintiff's Complaint.

248.     At 4:24:10 a.m., Deputy Four opens Carrington's cell door and both Deputy Four and Deputy Five enter Carrington's cell while Carrington is motionless and face forward on the ground in the cell in the cell.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 248 of Plaintiff's Complaint.

249.     Deputy Four and Deputy Five both tap or kick Carrington's body multiple times, including his legs, feet, and torso, and Carrington is unresponsive to each of the taps or kicks.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 249 of Plaintiff's Complaint.

250.    Deputy Four and Deputy Five fail to take Carrington's pulse, check for breathing, or take any vitals.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 250 of Plaintiff's Complaint.

251.    Deput Four and Deputy Five fail to take basic reasonable measures to evaluate and assess Carrington's medical condition.

ANSWER:    Defendant denies the allegations contained in paragraph 251 of Plaintiff's Complaint.

252.    It is obvious, even to a non-medical professional, that Carrington needs immediate medical care and emergency first aid.

ANSWER:    Defendant denies the allegations contained in paragraph 252 of Plaintiff's Complaint.

253.    Deputy Four and Deputy Five provide no first aid or emergency medical care to Carrington.

ANSWER:    Defendant denies the allegations contained in paragraph 253 of Plaintiff's Complaint.

254.     At approximately 4:28:08 a.m., fourteen hours and thirty-six minutes after being placed alone in the solitary cell, jail medical staff arrived at and entered Carrington's solitary cell and encountered a motionless and unresponsive Carrington.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 254 of Plaintiff's Complaint.

255.     The nurse leaves the cell and two deputies pull Carrington out of his cell and into the dayroom and roll him over to his back.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 255 of Plaintiff's Complaint.

256.     At 4:29:25 a.m., jail medical staff begin providing chest compressions.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 256 of Plaintiff's Complaint.

257.     An ambulance was finally called, and the Indianapolis Fire Department arrives at 4:38:08 a.m. and provide emergency medical care and continue chest compressions.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 257 of Plaintiff's Complaint.

258.     At 4:52:40 a.m., Indianapolis Fire Department medics terminate chest compressions.

ANSWER:     Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 258 of Plaintiff's Complaint.

259.    Medical personnel were unable to revive Carrington, as medical efforts at this time were too late for recovery.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 259 of Plaintiff's Complaint.

260.    Carrington died on January 2, 2023.

ANSWER:    Defendant admits the allegations contained in paragraph 260 of Plaintiff's Complaint.

261.    The primary cause of Carrington's death was seizures associated with drug withdrawal.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 261 of Plaintiff's Complaint.

262.    Carrington serious medical needs.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 262 of Plaintiff's Complaint.

263.    Carrington died as a result of not receiving proper and timely medical care for his serious medical needs.

ANSWER:    Defendant denies the allegations contained in paragraph 263 of Plaintiff's Complaint.

264.    Carrington's death was due to the actions and/or inactions of the Marion County Sheriff, Wellpath, and their employees and agents who were responsible for Carrington's health and safety and who failed to provide him with proper medical care, including the necessary and urgent medical care for his seizures and/or drug withdrawal and/or diabetes.

ANSWER:    Defendant denies the allegations contained in paragraph 264 of Plaintiff's Complaint.

265.    Defendant was experiencing serious drug withdrawal during the course of his incarceration.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 265 of Plaintiff's Complaint.

266.    Defendant was experiencing diabetes symptoms during the course of his incarceration.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 266 of Plaintiff's Complaint.

267.    All Defendants owed Carrington the duty of care, and all Defendants breached their duty.

ANSWER:    Defendant admits that it has certain legal duties with regard to inmate medical care but denies those duties were violated in this case.

268.    All Defendants denied Carrington access to medical care and services that caused Carrington's death.

ANSWER:    Defendant denies the allegations contained in paragraph 268 of Plaintiff's Complaint.

269.    Withing their scope of employment, Defendants Wellpath and the Marion County Sheriff are responsible and liable for actions or inactions of its employees.

ANSWER:    Defendant admits that it has certain obligations with regard to inmate medical care but denies those duties were violated in this case.

270.    Defendants knew and were aware that Carrington was experiencing serious drug withdrawal.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 270 of Plaintiff's Complaint.

271.    Defendants deprived Carrington of access to medical care for his drug withdrawal symptoms.

ANSWER:    Defendant denies the allegations contained in paragraph 271 of Plaintiff's Complaint.

272.    Defendants knew and were aware that Carrington was experiencing seizures or seizure activity.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 272 of Plaintiff's Complaint.

273.    Defendants were aware of and/or documented Carrington's acute symptoms associated with drug withdrawal.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 273 of Plaintiff's Complaint.


274.    Defendant deprived Carrington of access to medical care for his seizures or seizure activity.

ANSWER:    Defendant denies the allegations contained in paragraph 274 of Plaintiff's Complaint.


275.    Defendants knew and were aware that Carrington had diabetes.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 275 of Plaintiff's Complaint.


276.    Defendant deprived Carrington of access to medical care for his diabetes.

ANSWER:    Defendant denies the allegations contained in paragraph 276 of Plaintiff's Complaint.


277.    Wellpath, its staff, employees, and/or agents, including and all Medical Defendants should have properly evaluated and treated Carrington's diabetes.

ANSWER:    Paragraph 277 is directed toward other defendants and no response is necessary.

278.    Carrington's need for medical attention during the course of his incarceration was obvious, even to non-medical people, particularly after experiencing seizures and other serious drug withdrawal symptoms.

ANSWER:    Defendant denies the allegations contained in paragraph 278 of Plaintiff's Complaint.

279.    It was obvious that Carrington had serious medical needs and needed medical care and treatment for the severity of his conditions.

ANSWER:    Defendant denies the allegations contained in paragraph 279 of Plaintiff's Complaint.

280.    Carrington's need for medical attention was clear and obvious.

ANSWER:    Defendant denies the allegations contained in paragraph 280 of Plaintiff's Complaint.

281.    Carrington's need for emergency medical attention was so obvious on December 31, 2022, January 1, 2023, and/or January 2, 2023, that even someone who is not a doctor or other medical professional would recognize it required medical treatment.

ANSWER:    Defendant denies the allegations contained in paragraph 281 of Plaintiff's Complaint.

282.    Despite the visible seizure activity and other obvious signs that Carrington needed medical care and treatment, Carrington did not receive proper medical care from Defendants who were in a position to help Carrington.

ANSWER:    Defendant denies the allegations contained in paragraph 282 of Plaintiff's Complaint.

283.    Clock rounds were not properly conducted by the MCSO deputies/employees while Carrington was in the solitary isolation cell.

ANSWER:    Defendant denies the allegations contained in paragraph 283 of Plaintiff's Complaint.

284.    Many clock rounds were missed or conducted improperly when Carrington was in the single isolation cell.

ANSWER:    Defendant denies the allegations contained in paragraph 284 of Plaintiff's Complaint.

285.    Marion County Sheriff and the MCSO failed to properly supervise clock rounds, failure to have a clear policy and/or training on how deputies are to conduct clock rounds, and chronic understaffing which caused Carrington's death.

ANSWER:    Defendant denies the allegations contained in paragraph 285 of Plaintiff's Complaint.

286.    Defendants did not properly monitor Carrington in the single isolation cell.

ANSWER:    Defendant denies the allegations contained in paragraph 286 of Plaintiff's Complaint.

287.    Defendants consciously, willfully, and indifferently failed to take reasonable measures to provide treatment for Carrington's serious medical need.

ANSWER:    Defendant denies the allegations contained in paragraph 287 of Plaintiff's Complaint.

288.    Despite severity of the symptoms and his dire condition, Carrington Branch was never transferred to a hospital or acute care facility for appropriate care and treatment.

ANSWER:    Defendant denies the allegations contained in paragraph 288 of Plaintiff's Complaint.

289.    As a result of the Defendants' action and inactions, Carrington died.

ANSWER:    Defendant denies the allegations contained in paragraph 289 of Plaintiff's Complaint.

290.    As a result of not receiving timely and proper medical care for his serious medical need, Carrington died.

ANSWER:    Defendant denies the allegations contained in paragraph 290 of Plaintiff's Complaint.

291.    Defendants consciously, willfully, and indifferently failed to take reasonable measures to provide medical care and treatment for Carrington's serious medical need.

ANSWER:    Defendant denies the allegations contained in paragraph 291 of Plaintiff's Complaint.

292.    Defendants failed to provide Carrington with meaningful access to care that resulted in Carrington's death.

ANSWER:    Defendant denies the allegations contained in paragraph 292 of Plaintiff's Complaint.

293.    Defendants deprived Carrington of adequate medical treatment for seizures, drug withdrawal, and diabetes care.

ANSWER:    Defendant denies the allegations contained in paragraph 293 of Plaintiff's Complaint.

294.    As a result of Defendants' actions and inactions, Carrington died naked and covered in his own feces.

ANSWER:    Defendant denies the allegations contained in paragraph 294 of Plaintiff's Complaint.

295.    Carrington was not married at the time of his death.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 295 of Plaintiff's Complaint.

296.    Carrington was survived by his two dependent children, both aged one year, at the time of his death.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 296 of Plaintiff's Complaint.

297.    The actions and inactions of the individual defendants were taken within the scope of their employment with Wellpath and the Marion County Sheriff's Office respectively.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 297 of Plaintiff's Complaint.

298.    The actions and inactions of the Defendants were taken under color of state law.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 298 of Plaintiff's Complaint.

299.    The actions of Medical Defendants and Wellpath and their staff, employees, and/or agents were below the standard of care applicable to these health care professionals.

ANSWER:    Defendant is without information to form a reasonable belief as to the truth of the allegations contained in paragraph 299 of Plaintiff's Complaint.

## V. Claims

300.    Each of the Defendants' actions and inactions demonstrated knowledge of Carrington Branch's serious medical need, failure to involve a proper Medical Provider for that serious medical need, and failure to provide Access to Care and the right to a professional health care judgment reasonably and appropriately due to every citizen and inmate, thus in violation of the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendant denies the allegations contained in paragraph 300 of Plaintiff's Complaint.

301.    Each of the Defendants' actions and inactions were deliberately indifferent to the reasonable and appropriate medical needs of Carrington Branch and thus in violation of the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendant denies the allegations contained in paragraph 301 of Plaintiff's Complaint.

302.    Medical Defendants provided inadequate medical care to Carrington Branch which amounted to medical malpractice.

ANSWER:    Defendant denies the allegations contained in paragraph 302 of Plaintiff's Complaint.

303.    Each of the Defendant's actions and inactions constituted negligence and resulted in the wrongful death of Carrington Branch, actionable under Indiana's general wrongful death statute, Indiana Code 34-23-1-1.

ANSWER:    Defendant denies the allegations contained in paragraph 303 of Plaintiff's Complaint.

304.    Marion County Sheriff was deliberately indifferent to the medical needs of inmates which resulted in the death of Carrington Branch and Carrington's death was caused by the policies, practices, or customs of the Marion County Sheriff in violation of 42 U.S.C. § 1983.

ANSWER:    Defendant denies the allegations contained in paragraph 304 of Plaintiff's Complaint.

305.    Wellpath and the Wellpath Medical Director, Wellpath's Health Services Director, and Wellpath Director of Nursing, were deliberately indifferent to the medical needs of inmates and failed to provide Carrington with access to medical care which resulted in the death of Carrington Branch and Carrington's death was caused by the policies, practices, or customs of Wellpath in violation of 42 U.S.C. § 1983.

ANSWER:    Defendant denies the allegations contained in paragraph 305 of Plaintiff's Complaint

306.    Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

ANSWER:    Paragraph 306 of Plaintiff's Complaint is a legal averment, and no response is necessary.

## Jury Demand

Defendant requests trial by jury.

## Affirmative Defenses

Defendant, by counsel, pursuant to Fed. R. Civ. P. 8(c), and subject to further investigation and discovery, hereby asserts the following defenses in this matter:

1.    Defendant denies each and every allegation contained in Plaintiff's Complaint which is not specifically admitted.

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiff may not be the real party in interest and may lack prudential standing to assert the claim.

4.    Any individual Defendant, if eventually named, is entitled to qualified immunity.

5.      Plaintiff has failed to mitigate damages.

6.      To the extent that Plaintiff has received or does receive payments for the alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.

7.      Plaintiff's right to recovery, if any, is limited under federal and state law.

8.      Plaintiff's state law claims against Defendant are untimely under the Tort Claims Act.

9.      The Defendant's combined aggregate liability may not exceed the cap identified in Indiana Code § 34-13-3-4.

10.     To the extent that Plaintiff's Complaint seeks punitive damages, these claims are barred against a governmental employee and entity under state law and against a governmental entity under federal law.

11.     Plaintiff is not entitled to a jury trial on issues where there is no federal right to a jury trial, including equitable issues and relief.

12.     Defendant is continuing its investigation and study of all facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise, or supplement its answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of such investigation and study.

**WHEREFORE**, Defendant requests that judgment be entered in its favor and against Plaintiff and for all other just and proper relief.

FROST BROWN TODD LLP

By:    */s/ Anthony W. Overholt*

69

Anthony W. Overholt, #16481-49
Amy Stewart Johnson, #16257-49
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN  46244-0961
Telephone:      (317) 237-3800
Facsimile:      (317) 237-3900
Email:          aoverholt@fbtlaw.com
                asjohnson@fbtlaw.com

Attorneys for Marion County Sheriff

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Anthony W. Overholt*

LR10348.0975408  4859-0824-4178v1